UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| ALLISON DOE,<br><br>    Plaintiff,<br><br>v.<br><br><br><br>UNIVERSITY OF VERMONT<br>MEDICAL CENTER, INC., f/k/a<br>FLETCHER ALLEN HEALTH CARE,<br>and THE FLETCHER ALLEN HEALTH<br>CARE DISABILITY PLAN,<br><br>    Defendants. | No. 2:17-cv-193 |

## COMPLAINT

The Plaintiff, Allison Doe, by and through counsel, hereby complains against the Defendants University of Vermont Medical Center, Inc., f/k/a Fletcher Allen Health Care, and the Fletcher Allen Health Care Disability Plan., as follows:

### The Parties

1. Allison Doe (her real name), is a resident of Williston, Vermont. Until 2004, she was employed by Fletcher Allen Health Care ("FAHC") as a full-time medical records clerk. At all relevant times, Ms. Doe has been a beneficiary of the Fletcher Allen Health Care Disability Plan ("the Plan").

2. The Defendant, University of Vermont Medical Center, Inc., is a Vermont Corporation with a principal place of business in Burlington, Vermont. University of Vermont Medical Center, Inc. formerly operated under the name Fletcher Allen Health Care. (collectively, hereinafter "FAHC").

3.      The Plan is an employee disability benefits plan. FAHC is the Plan Administrator. Unum Life Insurance Company of America ("Unum") is the entity FAHC has designated to serve as its claims fiduciary with respect to the Plan.

## Jurisdiction and Venue

4.      This matter arises out of the parties' mutual rights and obligations under the Plan, an employee benefit plan which is subject to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA" or "the Act"). This Court has subject matter jurisdiction over Ms. Doe's claims pursuant to 29 U.S.C. §§ 1132(a)(1)(B) and 1132(e)(2).

5.      Venue is proper in this Court because ERISA provides that a plan beneficiary may bring an action in the district "where the breach took place." 29 U.S.C. § 1132(e). The nonpayment of benefits to Ms. Doe is a breach that took place in the District of Vermont, where Ms. Doe resides. Because the Defendants were engaged in covered activities under ERISA, they are subject to personal jurisdiction in any federal court in the United States.

## Factual Background

6.      From approximately 2000 until 2004, Allison Doe was employed by FAHC in its medical records department. As a full-time employee, Ms. Doe was a beneficiary of the FAHC Disability Plan, under which she was entitled to receive monthly payments on account of any disability that prevented her from working.

7.      In or around 2004, Ms. Doe contracted carpal tunnel syndrome. This condition rendered Ms. Doe incapable of performing her job. Accordingly, Ms. Doe submitted a claim under the FAHC Disability Plan. Her claim was accepted, and she began receiving regular monthly payments of $1,312.71 on account of her disability. Ms. Doe also receives Social Security Disability income of $921 per month. Offsetting her Social Security payments against

the payments due to Ms. Doe under the Plan left Ms. Doe with a net monthly benefit of $391.71. Since she began receiving disability benefits under the Plan, Ms. Doe has remained disabled and has not returned to work.

8. On February 1, 2011, Ms. Doe was involved in a motor vehicle accident. She sustained a whiplash injury that caused significant pain and limited her ability to engage in many activities she previously enjoyed.

9. In early 2014, Ms. Doe filed suit against the individual responsible for the accident. She sought compensation for the pain and suffering and loss of enjoyment she sustained as a result of the accident. However, she did not make a claim for lost earnings, or lost future earning capacity. Nor did she make any claim related to her carpal tunnel syndrome.

10. Near the conclusion of discovery, the tortfeasor's insurance carrier paid Ms. Doe its policy limits of $25,000. Ms. Doe then submitted a claim for underinsured motorist benefits to her own automobile insurance carrier, under a policy providing $100,000.00 in coverage. The underinsured motorist benefits claim settled for $45,000.00. Both settlements were subject to a contingency fee arrangement and payment of litigation expenses, leaving Ms. Doe with a net recovery of $44,809.86.

11. On January 25, 2017, Ms. Doe received a letter from Unum, requesting information concerning the settlement she had received related to the 2011 motor vehicle accident. Shortly thereafter, Unum stopped paying benefits to Ms. Doe, based on the fact that she had received a settlement related to the 2011 motor vehicle accident.

12. The Unum Long Term Disability Policy ("the Policy") provides Unum with the following right of benefit reduction:

> Unum will subtract from your gross disability payment the following deductible sources of income: ...
>
> 2. The amount that you receive or are entitled to receive as disability income payments under any: ...
>     - automobile liability insurance policy...
>
> 8. The amount that you receive from a third party (after subtracting attorney's fees) by judgment, settlement or otherwise.
>
> With the exception of retirement payments, *Unum will only subtract deductible sources of income which are payable as a result of the same disability.*

Exhibit 1, Policy at LTD-BEN-3 to -5 (emphasis added).

13. This policy language was drafted by Unum and/or its agents.

14. On May 10, 2017, Ms. Doe wrote to Unum through counsel, disputing the reduction in benefits, and pointing out that the disabling conditions caused by the 2011 motor vehicle action were not the same disabilities that qualified her to receive benefits under the Plan.

15. Unum finally responded four months later, affirming its decision to withhold benefits from Ms. Doe. In an attempt to justify its decision, Unum asserted that the settlement was a deductible source of income, and that the exception for "deductible sources of income which are payable as a result of the same disability" did not apply because Unum has interpreted "same disability" to mean "same period of disability."

15. The Policy does not define the phrase "same disability." There is no reasonable reading of the policy that would permit Unum to interpret the phrase "same disability" to mean "same period of disability."

16. Ms. Doe, through counsel, appealed this decision, providing legal authority in support of its position that the provisions relating to deductible sources of income were intended to prevent claimants from receiving duplicate payments for lost wages and other lost income.

Ms. Doe presented proof that she never made any claim for wages and other income lost related to the 2011 motor vehicle accident.

17. On information and belief, the Unum employees who evaluated Ms. Doe's request to reinstate her benefits and her subsequent appeal lacked the legal training needed to perform this task. Unum failed to respond to any of the legal arguments raised in the appeal, and instead parsed Ms. Doe's post-accident medical records and concluded that the accident would have rendered her unable to work. As a result, and despite the fact that no part of Ms. Doe's settlement was paid on account of lost wages or other income, Unum affirmed its decision.

18. This Court owes no deference to Unum's decisions relative to Ms. Doe. Unum both pays benefits and determines whether claimants qualify for benefits. Accordingly, Unum has a structural conflict of interest in respect to its obligations as a Plan fiduciary. In addition, on information and belief, Unum has an established history of biased claims administration. *See Mondolo v. Unum Life Ins. Co. of America*, No. CV 11-7435 CAS (MRWx), 2013 U.S. Dist. LEXIS 7464 at *17 (C.D. Cal. Jan. 13, 2013). Under these circumstances, Unum's decisions are subject to *de novo* review.

19. Having appealed Unum's decision to no avail, Ms. Doe fully exhausted her administrative remedies.

## Count I
## Violation of ERISA

20. The Plaintiff restates and incorporates by reference the allegations set forth in paragraphs one through nineteen, above.

21. Ms. Doe is entitled to monthly disability payments under the Plan, without any offset or reduction on account of payments received for the February 1, 2011 motor vehicle accident.

22. Defendants, through Unum, have reduced Ms. Doe's monthly disability benefit by erroneously classifying the payments Ms. Doe received on account of the February 1, 2011 motor vehicle accident as "deductible sources of income."

23. On account of Defendants' legally erroneous interpretation of Plan provisions relating to deductible sources of income, Ms. Doe has been denied benefits to which she is legally entitled, in violation of ERISA.

24. As a result of Defendants' violation of ERISA, Ms. Doe has suffered money damages.

## Count II
## Breach of Contract

25. The Plaintiff restates and incorporates by reference the allegations set forth in paragraphs one through twenty-four, above.

26. Under the federal common law that has developed since the enactment of ERISA, the courts have recognized a right of action for breach of contract, in complement to and in furtherance of the statutory protections established under the Act.

27. Ms. Doe has a vested contractual right to the receipt of disability benefits under the Plan.

28. The Plan prohibits the Defendants from reducing payments to Ms. Doe, or from attempt to recoup funds previously paid to Ms. Doe because Ms. Doe's insurance settlement from the 2011 motor vehicle accident is not a deductible source of income.

29. The Defendants' failure to honor Ms. Doe's rights under the Plan constitutes a breach of contract that has caused Ms. Doe to suffer money damages.

## Prayer for Relief

Wherefore the Plaintiff, Allison Doe, respectfully requests that the Court issue judgment in her favor, and that it also award her compensatory damages, attorney's fees, interest, costs, and such other relief as to which the Court may find she is reasonably entitled.

Dated in Burlington, Vermont the 9th day of October, 2017.

ALLISON DOE

By: /s/ David Bond

David Bond
Strouse & Bond, PLLC
2 Church St., Ste. 3A
Burlington, VT 05401
Tel. (802) 540-0434
david@strouse-bond.com